UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUANTUM LABS, INC., <br> Plaintiff, <br> v. <br> MAXIM INTEGRATED PRODUCTS INC, et al., <br> Defendants. | Case No. 18-cv-07598-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART** <br><br> [Re: ECF 18] |

Plaintiff Quantum Labs, Inc. ("Quantum") sues Defendants Maxim Integrated Products Inc. ("Maxim") and Mr. Tunc Doluca, Maxim's CEO, claiming that Defendants deliberately caused hazardous waste to be released incident to Maxim's operations at a facility operated by Plaintiff in San Jose, CA. Arising from these allegations, Plaintiff asserts both federal and state causes of action.

Now before the Court is Defendants' motion to dismiss Plaintiff's first 10 causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court heard oral argument on Defendants' motion on April 17, 2019 ("the Hearing"). For the reasons stated on the record and discussed below, the motion is GRANTED, WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART.

I. **BACKGROUND**

On December 17, 2012, Maxim and a third party entered into a "Research and Development Support Services Agreement" ("RDSSA") that called for the third party "to provide research and development support services [to Maxim] in the field of semiconductor manufacturing technologies." *See* Compl. ¶¶ 7, 26, ECF 1. Plaintiff operates a facility in San Jose, CA, and is the assignee of the third party's rights, title, and interest in the RDSSA. *Id.* ¶ 7. Maxim rented laboratory space in Plaintiff's facility and installed equipment for manufacturing

silicon wafers that was "fully functional" by approximately April 2014. *See id.* ¶¶ 7, 16, 35.

In June 2014, routine sampling of wastewater discharged from Plaintiff's facility conducted pursuant to San Jose Water Pollution Control District Self-Monitoring requirements revealed the presence of cobalt. *See* Compl. ¶ 36. In December 2014, Maxim conducted its own sampling for cobalt inside Plaintiff's facility and discovered cobalt dust at levels "nearly 100 times in excess of [] Maxim's internal guidelines." *Id.* ¶ 54. In September 2015, Maxim disclosed to Plaintiff that Maxim's manufacturing processes called for the use of cobalt. *See id.* ¶¶ 23, 45. In or around January 2016, Maxim had "effectively abandoned the contaminated equipment on Plaintiff's facility." *Id.* ¶ 57. In November 2017, Plaintiff tested for the presence of cobalt in its facility, the results of which "showed cobalt contamination several hundred times in excess of permissible concentrations." *Id.* ¶ 82.

According to the complaint, Maxim was required to disclose all chemicals, solvents, and gases to be used incident to Maxim's manufacturing processes, but "intentionally concealed from Plaintiff that cobalt would be brought on to Plaintiff's facility." *See* Compl. ¶¶ 23, 28. Plaintiff alleges that cobalt is a carcinogen under California law that requires heightened and complex disclosures and warnings, "all of which Maxim chose to ignore." *Id.* ¶¶ 37, 38. Plaintiff filed this action on December 19, 2018, asserting 11 causes of action against Maxim:

(1) violation of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.*;
(2) violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B);
(3) fraud—intentional misrepresentation of material facts;
(4) fraud—intentional concealment of material facts;
(5) negligence and negligence per se;
(6) private nuisance;
(7) waste;
(8) trespass;
(9) violation of California Health & Safety Code § 25359.7;
(10) declaratory relief; and
(11) breach of contract.

*See generally* Compl., ECF 1. Claims 1, 3, 4, and 10 are also asserted against Mr. Doluca. *Id.*

## II. LEGAL STANDARD

### A. Requests for Judicial Notice

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### B. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Defendants' Request for Judicial Notice

Plaintiff's facility is identified by APN # 23711061 in San Jose, CA. Compl. ¶ 7. The address of Plaintiff's facility is 2108 B Bering Drive, San Jose, CA 95131. Opp'n at 1, ECF 22. Defendants request judicial notice of (1) certified copies of all grant deeds for APN # 23711061 within the last 10 years; (2) an "Official Notice of Inspection" of Plaintiff's facility dated

1  12/17/2014 and stamped "Received" by the County of Santa Clara Department of Environmental Health on 1/20/2015; and (3) an email from the County Santa Clara Consumer and Environment Protection Agency disseminating the "Official Notice of Inspection." *See* Request for Judicial Notice at 2, ECF 19; *see also* Exs. G, H, and I to Request for Judicial Notice, ECF 19-1. Plaintiff opposes Defendants' request as to (2) and (3), arguing that Defendants "use the subject [matter] [of these documents] to impermissibly advance substantive arguments." *See* Opp'n at 5–6.

Defendants' request for judicial notice of (1) the grant deeds is **GRANTED** because the documents are public documents. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Defendants' request for judicial notice of (2) the "Official Notice of Inspection" is **GRANTED** because the document is a public document. *Lee*, 250 F.3d at 688–89. However, this grant is limited to existence of the document and the Court does not take judicial notice of assertions of fact within the document. *See Khoja*, 899 F.3d at 999.

Defendants' request for judicial notice of (3) the email disseminating the "Official Notice of Inspection" is **DENIED** because Defendants have failed to show this email constitutes a "matter[] of public record," rather than a private correspondence. *Lee*, 250 F.3d at 688–89.

### B. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's first 10 claims[1] under Rule 12(b)(6). *See generally* Motion, ECF 18. In its opposition brief, Plaintiff acknowledges that claims 3 and 4 for fraud, claim 6 for private nuisance, claim 7 for waste, and claim 8 for trespass are insufficiently pled and requests leave to amend. *See* Opp'n at 15–16, 17–18, 20. The Court finds this request warranted. Accordingly, Defendants' motion to dismiss claims 3, 4, 6, 7, and 8 is GRANTED WITH LEAVE TO AMEND.

Turning to the remaining claims, and as discussed at the Hearing, the Court finds multiple deficiencies with Plaintiff's current pleading. The Court notes that the deficiencies discussed herein are not necessarily comprehensive but are sufficient on their own to preclude the claims from going forward as currently pled.

---

[1] It is unclear whether Defendants move to dismiss claim 11 for breach of contract. Defendants request "dismissal of all claims," *see* Motion at 3, but do not argue specifically as to claim 11.

4

For one, Defendants raise a valid statute of limitations issue. *See* Motion at 7, 16–17, 20, 24. Plaintiff may have been on notice as to the alleged use of cobalt as early as June 2014. *See* Compl. ¶ 36. Moreover, Plaintiff admits that Maxim disclosed in September 2015 that Maxim's manufacturing processes called for the use of cobalt. *See id.* ¶¶ 23, 45. In its opposition brief, Plaintiff argues that a "tolling agreement" between the parties extends the applicable statutes of limitations. *See* Opp'n at 14. However, as the purported "tolling agreement" is not pled, the Court may not consider its viability or its effect on the claims at issue. Plaintiff may amend to plead facts related to the "tolling agreement" and/or facts to support theories that may revive claims outside the statute of limitations even under the tolling agreement.

Second, Plaintiff's CERCLA claim fails to adequately plead a "release" or "threatened release" of any "hazardous substance" to the environment, *see* 42 U.S.C. § 9607(a)(4), as opposed to a release internal to Plaintiff's facility, *see 3550 Stevens Creek Associates v. Barclays Bank of California*, 915 F.2d 1355, 1359–60 (9th Cir. 1990). In addition, Plaintiff fails to adequately allege "the incurrence of response costs." 42 U.S.C. § 9607(a)(4). Plaintiff may amend as to its CERLA claim.

Third, Plaintiff's RCRA claim fails to adequately allege that Defendants' activities "present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). As far as the Court can ascertain, Plaintiff's most recent test for the presence of cobalt in its facility was in November 2017. *See* Compl. ¶ 82. Plaintiff may amend as to its RCRA claim.

Fourth, as discussed at the Hearing, the Court finds that none of the causes of action asserted against Mr. Doluca in his individual capacity even remotely make out a viable claim and are thus dismissed. Plaintiff may amend as to Mr. Doluca but shall be mindful of the Court's direction.

Accordingly, Defendants' motion to dismiss claims 1, 2, 5, and 9 is GRANTED WITH LEAVE TO AMEND.

Finally, the Court finds claim 10 for "declaratory relief" wholly duplicative of the underlying causes of action and that amendment could not cure this deficiency. Accordingly,

Defendants' motion to dismiss claim 10 is GRANTED WITHOUT LEAVE TO AMEND.

**IV. ORDER**

1. Defendants' motion to dismiss claims 1–9 of Plaintiff's complaint is GRANTED WITH LEAVE TO AMEND.
2. Defendants' motion to dismiss claim 10 of Plaintiff's complaint is GRANTED WITHOUT LEAVE TO AMEND.
3. Any amended pleading shall be filed on or before May 1, 2019.
4. Leave to amend is granted only as to Plaintiff's existing claims; Plaintiff may not add claims without leave of the Court.
5. In amending Plaintiff may add other plaintiffs but may not add other defendants without leave of the Court.
6. All discovery disputes are referred to the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated: April 22, 2019

_____
BETH LABSON FREEMAN
United States District Judge