**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

QUANTUM LABS, INC., et al.,

         Plaintiffs,

    v.

MAXIM INTEGRATED PRODUCTS INC, et al.,

        Defendants.

Case No. 18-cv-07598-BLF

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ALL OF PLAINTIFFS' CLAIMS IN THE SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO STRIKE; GRANTING DEFENDANT'S MOTION TO FIND CONTEMPT AND ISSUING OF SANCTIONS**

[Re: ECF 61]

Before the Court is Defendant Maxim Integrated Products, Inc.'s ("Maxim") Motion for Order Dismissing or Striking the Second Amended Complaint, Finding of Contempt, and Issuing Monetary and Terminating Sanctions. Mot., ECF 61. Maxim seeks an order dismissing each of HTE Labs, Inc.'s ("HTE") and Quantum Labs, Inc.'s ("Quantum") claims for relief in the Second Amended Complaint ("SAC") or in the alternative, an order striking the claims for fraud, waste, and breach of contract. Mot. at 1. In addition, Maxim seeks an order finding Quantum and HTE in contempt for violating a court order and the imposition of terminating and monetary sanctions. *Id.* Specifically at issue is the addition of HTE as a plaintiff and amendment of claims in violation of this Court's November 18, 2019 Order Denying in Part and Granting in Part Defendants' Motion to Dismiss ("Prior Order") at ECF 55. This matter was previously deemed suitable for determination without oral argument. *See* ECF 71. For the reasons discussed below, the Court DENIES Maxim's Motion to Dismiss; GRANTS Maxim's Motion to Strike; and GRANTS Maxim's Motion for Finding of Contempt and Imposition of Sanctions in the form of Maxim's reasonable attorneys' fees.

United States District Court
Northern District of California

## I.   INTRODUCTION

On December 19, 2018, Quantum filed this lawsuit, asserting 11 causes of action against Maxim and Mr. Tonc Doluca, Maxim's CEO.  *See* ECF 1.  Quantum alleges that Maxim deliberately caused hazardous waste to be released incident to Maxim's operations at a facility operated by Quantum in San Jose, CA (the "Facility").  *See generally* SAC, ECF 56.  On February 15, 2019, Maxim and Mr. Doluca filed their first motion to dismiss, which the Court granted on April 22, 2019, with leave to amend in part and without leave to amend in part.  ECF 35.  On April 17, 2019, the Court issued a Case Management Order that set, *inter alia*, a June 16, 2019 deadline to amend pleading or add parties.  *See* ECF 34.  On May 1, 2019, Quantum, now joined by Simon Planck (also known as Serban Porumbescu), the owner of the Facility, filed a First Amended Complaint ("FAC") asserting eight causes of action against Maxim and Mr. Doluca.  *See* ECF 36.  Pertinent to this Motion, Mr. Planck brought fraud and waste claims against Maxim, while Quantum brought a breach of contract claim against Maxim.  *See id.*

On May 15, 2019, Maxim and Mr. Doluca filed a motion to dismiss the FAC.  *See* ECF 38.  On November 18, 2019, the Court denied in part and granted in part Maxim and Mr. Doluca's motion.  *See* prior Order.  Specifically, as to the claims relevant to this Motion, the Court (1) dismissed the fraud claim without leave to amend, (2) dismissed the waste claim with prejudice because Quantum and Mr. Planck consented to its dismissal, and (3) dismissed Mr. Doluca from the case.  Prior Order at 14, 4.  With regard to the fraud claim, the Court found that leave to amend was unjustified because "Plaintiffs were fully aware of the deficiency regarding their fraud claim, had the opportunity to correct that deficiency, and failed to do so."  *Id.* at 12 n.6.  The Court granted leave to amend "only as to Plaintiffs' existing claims" and noted that "Plaintiffs may not add claims without leave of the Court."  *Id.* at 14.

On December 18, 2019, Quantum filed the SAC where it (1) removed Mr. Doluca as Defendant, (2) removed Mr. Planck as Plaintiff, and (2) added HTE (a subsidiary of Hyperion Group, Inc.) as a plaintiff.  *See* SAC.  In the SAC, Quantum and HTE assert the following seven causes of action:

(1) Violations of the Resource Conservation and Recovery Act ("RCRA") 42 U.S.C. §

1        6972(a)(1)(B) – (Quantum against Maxim);

2        (2) Fraud—Intentional Concealment of Material Facts – (HTE against Maxim);

3        (3) Negligence and Negligence Per Se – (Quantum and HTE against Maxim);

4        (4) Continuing Private Nuisance – (Quantum against Maxim);

5        (5) Waste – (Quantum against Maxim);

6        (6) Trespass – (Quantum against Maxim); and

7        (7) Breach of Contract – (HTE against Maxim).

8    *See generally* SAC.  On January 2, 2020, Maxim filed this Motion.

9    **II.    DISCUSSION**

10       Maxim brings this Motion on three grounds: (1) HTE was added as a new plaintiff without

11   leave of Court, (2) Quantum and HTE assert fraud and waste claims in direct violation of the Court's

12   Prior Order dismissing those claims without leave to amend, and (3) Mr. Doluca (dismissed from

13   the case per the Prior Order) is referred to as "Defendant Doluca" in the SAC.  Quantum and HTE's

14   counsel admits to having made multiple mistakes in drafting the SAC.  *See generally* Plaintiffs'

15   Response and Opposition to Defendant's Motion to Dismiss ("Opp'n"), ECF 65.  As to the fraud

16   claim, counsel asserts that "[h]aving not read Footnote 6" of the Court's Prior Order, he

17   misinterpreted the Prior Order as "dismissing the Fraudulent Concealment claim with prejudice as

18   to Mr. Planck, but allowing leave to amend as to HTE." *Id.* at 2.  Counsel submits that the inclusion

19   of the fraud claim in the SAC was "the product of a mistake by Plaintiffs' counsel." *Id.* at 2.

20   Moreover, Quantum and HTE concede that they "inadvertently failed to remove the claim for

21   Waste." *Id.* at 3.  Nevertheless, HTE requests that this Court allow "some limited briefing" on

22   whether HTE should be allowed to bring a fraud claim.  *Id.* at 2-3.

23       **A.    Addition of HTE as a Plaintiff**

24       This procedural issue is straightforward – the deadline to add new parties in this case has

25   passed and thus the addition of HTE to SAC was untimely.  On April 17, 2019, the Court issued a

26   Case Management Order where it set a June 16, 2019 deadline to amend pleadings or add parties.

27   ECF 34.   The SAC was filed on December 12, 2019 – long after the June 16, 2019 deadline to add

28   parties had passed.  Accordingly, addition of a new party in the SAC required a modification to the

United States District Court
Northern District of California

3

1    Court's Case Management Order, which was neither requested nor granted.

2           Any modification to the Court's scheduling order is governed by Federal Rule of Civil

3    Procedure 16(b), which requires a showing of good cause and leave from the Court.  Fed. R. Civ. P.

4    16(b); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992).  "Rule

5    16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

6    amendment." *Johnson*, 975 F.2d at 609.  While "the existence or degree of prejudice to the party

7    opposing the modification might supply additional reasons to deny a motion," if the moving party

8    was not diligent "the inquiry should end." *Id.*  Generally, the focus of the diligence inquiry is on

9    the time between the moving party's discovery of new facts and its asking leave of the court to file

10   an amended pleading. *See Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

11          Maxim argues that the Court should not allow the addition of HTE as a plaintiff because

12   Quantum and HTE have failed to establish good cause or even request leave to amend the pleadings.

13   Mot. at 12-13.  The Court agrees.  Quantum has not moved this Court, and the Court has not granted

14   leave for addition of a new plaintiff in this case.  Nothing in Quantum's brief in opposition to

15   Maxim's motion establishes good cause for addition of a new party.  Quantum and HTE argue that

16   HTE should be permitted to bring a fraud claim against Maxim because (1) HTE did not have an

17   opportunity to be heard on the denial of leave to amend, (2) Maxim has been on notice of the

18   substance of the fraud claim since the initial Complaint, (3) this case is still in the early discovery

19   stage and further amendment would not result in prejudice to Maxim, and (4)  HTE has the ability

20   to re-file the claim as a new lawsuit either in this forum based on 28 U.S.C. §1332, or in state court.

21   Opp'n at 3.   In fact, on March 2, 2020, HTE filed an action in the Superior Court for the State of

22   California, County of Santa Clara, asserting a single cause of action against Maxim for fraud.  *See*

23   ECF 72.  None of Maxim and HTE's arguments, however, address why Quantum was diligent in its

24   efforts to add HTE as a plaintiff.

25          In sum, because the addition of HTE to the SAC was untimely and without leave of Court,

26   the Court STRIKES all of HTE's claims from the SAC.  This ruling is without prejudice to Quantum

27   bringing a proper Rule 16 motion for leave to amend the SAC and add a party.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

### B.   Waste Claim

Quantum admits that it "inadvertently failed to remove the claim for Waste" from the SAC. Opp'n at 3.  Accordingly, the Court STRIKES the waste claim from the SAC.

### C.   Mr. Doluca

Quantum concedes that the reference to "Defendant Doluca" must be stricken from the SAC. Opp'n at 4.  Accordingly the Court STRIKES all references to "Defendant Doluca" from the SAC.

### D.   Finding of Contempt and Issuance of Sanctions

Maxim invokes the Court's inherent powers and Federal Rule of Civil procedure 41(b) to requests that the Court find Quantum in contempt of the Court's Prior Order and issue sanctions in the form of (1) dismissing the SAC in its entirety and (2) monetary sanctions for Maxim's fees and costs incurred "to respond to [Quantum's] contemptuous behavior, including bringing this motion." Mot. at 10-12.

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted); *see also Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("Civil contempt occurs when a party fails to comply with a court order.").  "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [nonmoving party] violated a specific and definite order of the court."  *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)).

"The contempt need not be willful."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citation omitted).  Contempt sanctions, however, are not warranted where the nonmoving party's action "appears to be based on a good faith and reasonable interpretation" of the court's order.  *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).  Substantial compliance also is a defense to civil contempt—"[i]f a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil

contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citation omitted).  Accordingly, the party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the nonmoving party violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the nonmoving party's conduct was not based on a good faith and reasonable interpretation of the violated order.  *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *8 (N.D. Cal. Aug. 8, 2017) (citing *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010)).

Quantum concedes that certain claims in the SAC were asserted in violation of the Court's Prior Order because Quantum's counsel failed to read the entirety of that Order.  Accordingly, Quantum clearly did not "take all reasonable steps within [its] power to comply" with the Court's Prior Order.  *See Reno Air Racing*, 452 F.3d at 1130.  As for the inclusion of the waste claim and reference to "Defendant Doluca" in the SAC, Quantum explains that these errors were inadvertent and concedes that they should be stricken.  The Court finds that these violations were technical or de minimis.

As for the fraud claim and the addition of HTE, however, the Court finds that Quantum's errors warrant sanctions. Quantum's counsel explains that he did not read footnote 6 in the Court's Prior Order, in which the Court explained:

> The Court indicated at the Hearing that because this case is at an early stage, it was inclined to allow leave to amend to bring fraud claims on behalf of Hyperion. *See* Transcript at 23:20-21.  However, upon further reflection, the Court finds that Plaintiffs were fully aware of the deficiency regarding their fraud claim, had the opportunity to correct that deficiency, and failed to do so. Therefore, a second leave to amend is not justified.

Prior Order at 12, n. 6.  As a result of not having read this section of the Court's Prior Order and relying on his recollection of the October 10, 2019 hearing (the "Hearing"), Quantum's counsel interpreted the Prior Order to dismiss the fraud claim with prejudice as to Mr. Planck but allow leave to amend as to HTE.  *See* Opp'n at 2.  Based on the mistaken belief that HTE was properly added to the SAC as to the fraud claim, Quantum further inserted HTE as the plaintiff in the breach of contract claim.  *Id.* at 3.

While the Court accepts Quantum's explanation that the errors were not deliberate, contempt

United States District Court
Northern District of California

need not be willful. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695. Quantum's careless reading of the Court's Prior Order cannot be fairly categorized as "based on a good faith and reasonable interpretation" of that Order. *See Power Ventures, Inc.*, 2017 WL 3394754, at *8. Aside from the Court's clear statement in footnote 6 (which Quantum's counsel admittedly did not read), the Court reiterated its ruling two more times in the Prior Order: that the fraud claim was dismissed ***without leave to amend***. *See* Prior Order 13, 14.

Moreover, Quantum's error was not harmless. The filing of the SAC, which included disallowed claims and a new plaintiff, caused Maxim to incur additional costs to bring this Motion and further delayed the settling of the pleadings in this case. While the Court is not persuaded that the dismissal of SAC in its entirety is warranted, the Court GRANTS Maxim's motion for the imposition of sanctions in the form of Maxim's reasonable attorneys' fees for bringing this motion.

## III.  ORDER

For the foregoing reasons, the Court DENIES Maxim's Motion to Dismiss; GRANTS Maxim's Motion to Strike; and GRANTS Maxim's Motion for Finding of Contempt and Imposition of Sanctions in the form of Maxim's reasonable attorneys' fees. Specifically, the Court STRIKES:

(1) HTE's claim against Maxim for Fraud—Intentional Concealment of Material Facts;

(2) HTE's claim against Maxim for Negligence and Negligence Per Se;

(3) Quantum's claim against Maxim for Waste; and

(4) HTE's claim against Maxim for Breach of Contract.

Quantum shall file a corrected Second Amended Complaint no later than 7 days from the date of this Order and remove (1) the disallowed claims, (2) HTE as plaintiff, and (3) any references to Mr. Doluca as a defendant. Quantum may not add any claims or parties without leave of the Court. This ruling is without prejudice to Quantum bringing a proper Rule 16 motion for leave to amend the SAC and add a party. To be clear, by the effect of striking HTE as a plaintiff from the SAC, the breach of contract claim is now stricken. Thus, Quantum may not add the breach of contract claim to the corrected SAC without leave of the Court (and showing of good cause).

Maxim may file a declaration setting out its reasonable attorneys' fees for bringing this motion no later than 14 days from the date of this Order. Maxim's declaration may not exceed 5

pages.  Quantum may file an opposition of no more than 5 within 14 days of the filing of Maxim's declaration for fees and Maxim may file a reply limited to 3 pages within 7 days thereafter.

**IT IS SO ORDERED.**

Dated:  April 20, 2020

BETH LABSON FREEMAN
United States District Judge