# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| QUANTUM LABS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MAXIM INTEGRATED PRODUCTS INC, et al., <br><br> Defendants. | Case No. 18-cv-07598-BLF <br><br> **ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR ATTORNEYS' FEES** <br><br> [Re: ECF 75] |

Before the Court is Maxim's Request for Attorneys' Fees and Costs at ECF 75. For the reasons stated below, Maxim's Request for Attorneys' Fees is GRANTED IN PART.

## I. BACKGROUND

On December 19, 2018, Plaintiff Quantum Labs, Inc. ("Quantum") filed a Complaint against Maxim Integrated Products Inc. ("Maxim") and Maxim's Chief Executive Officer, Tunc Doluca, bringing eleven causes of action arising from an alleged release of hazardous waste incident to Maxim's operations at a facility operated by Quantum. *See generally* Compl., ECF 1. On April 22, 2019, the Court granted Maxim and Doluca's first motion to dismiss with leave to amend in part and without leave to amend in part. ECF 35.

On May 1, 2019, Plaintiff filed a First Amended Complaint asserting eight claims on behalf of Quantum and an additional plaintiff, Serban Porumbescu also known as Simon Planck. *See generally* First Am. Compl. ("FAC"), ECF 36. On November 18, 2019, the Court denied in part and granted in part Maxim and Doluca's second motion to dismiss. *See* Order Denying In Part and Granting In Part Def. Mot. to Dismiss ("Dismissal Order"), ECF 55. In relevant part, claims against Doluca were dismissed with prejudice, and fraud and waste claims were dismissed without leave to amend. *Id.* at 14. Leave to amend was granted only as to existing claims and Plaintiffs were not

permitted to add any claims without leave of the Court. *Id.*

On December 18, 2019, Quantum filed a timely Second Amended Complaint. *See generally* Sec. Am. Compl. ("SAC"), ECF 56. The SAC removed Serban Porumbescu as plaintiff and Tunc Doluca as defendant, but added HTE Labs, Inc. as plaintiff without leave. *Id.* The SAC also reasserted the waste and fraud claims which the Court had dismissed with prejudice. *Id.* at ¶¶ 94-103; 61-74. In response to these violations of the Court's Dismissal Order, Maxim filed a motion seeking an order dismissing or striking the SAC and requested sanctions in the form of attorneys' fees for the work required in responding to the noncompliant SAC. Motion, ECF 61. The Court denied Maxim's motion to dismiss all of Quantum's claims in the SAC but granted Maxim's motion to strike the claims asserted in violation of the Court's Dismissal Order. ECF 73. The Court also granted reasonable attorneys' fees and allowed Maxim to file a declaration setting out its requested fees. *Id.* at 8. Maxim filed a declaration setting out the attorneys' fees incurred in filings its Motion. Declaration of Kevin W. Isaacson ("Isaacson Decl."), ECF 75. Quantum filed a timely opposition. Opp'n Re Fees, ECF 77. Maxim filed a reply. Reply Re Fees, ECF 79.

## II. ATTORNEYS' FEES

In calculating awards for attorneys' fees, courts apply the "lodestar" method to the facts of each case. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The lodestar amount is presumptively reasonable. *See Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1161 (9th Cir. 2018). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). Once calculated, the lodestar amount may be further adjusted based on other factors not already subsumed in the initial lodestar calculation. *Morales*, 96 F.3d at 363–64, 363 nn.3–4 (identifying factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)).

Here, Maxim seeks $21,702.50 for attorneys' fees.[1]  Isaacson Decl. ¶ 8, ECF 75.  Three attorneys worked for Maxim on this case: (1) Michael J. Ioannou ("Ioannou"), (2) Kevin W. Isaacson ("Isaacson"), and (3) Michael Bedolla ("Bedolla").[2]  *Id.* ¶¶ 6a–c.

Ioannou is a partner with forty (40) years of experience handling various complex commercial litigation matters.  Isaacson Decl. ¶ 6a.  He bills at $425 per hour.  *See* Isaacson Decl. Exh. A.  Ioannou spent a total of 1.3 hours reviewing Isaacson's and Bedolla's work.  *Id.*

Isaacson is a partner with eight (8) years of experience handling a wide range of commercial litigation matters.  Isaacson Decl. ¶ 6b.  As of counsel, he billed at $350 per hour, and now, as partner, he bills at $400 per hour.  *See* Isaacson Decl. Exh. A.  Isaacson worked 2 hours on this matter as Partner and 36.8 hours as Of Counsel.  *See* Isaacson Decl. Exh. A.

Bedolla was an associate in Ropers' commercial litigation practice until March 2020, primarily doing business and commercial law, IP and employment law, and had experience in complex ERISA litigation.  Isaacson Decl. ¶ 6c.  His billing rate was $300 an hour.  *See* Isaacson Decl. Exh. A.  Bedolla worked 31.8 hours on the matter, but his hours were adjusted to 24.9.  *See* Isaacson Decl. Exh. A.

The attorneys' work is summarized in this chart:

| **Attorney** | **Title** | **Years** | **Rate** | **Hours** | **Amount** |
|---|---|---|---|---|---|
| Ioannou | Partner | > 40 | $425 | 1.3 | $552.50 |
| Isaacson | Partner | ≈ 8 | $400 | 2 | $800 |
| Isaacson | Of Counsel | ≈ 8 | $350 | 36.8 | $12,880.00 |
| Bedolla | Associate | | $300 | 24.9 | $7,470.00 |
| | | | **TOTAL** | **65 hours** | **$21,702.50** |

As explained below, the Court finds that these hourly rates are reasonable given similar work performed in the Northern District of California, but that the number of hours expended is excessive,

---

1 Maxim's request for $22,062.50 (*see* Isaacson Decl. ¶ 8) appears to contain a mathematical error.  In his declaration, Isaacson has billed $1,160.00 for his work as partner.  Isaacson Decl. Exh. A at 4.  This math is incorrect, as two hours of work at $400 adds up to $800.  The Court has accounted for this difference in the total attorneys' fees sought.

2 It appears that either no paralegals worked on the case or Maxim was not billed for paralegal work.  *See generally* Isaacson Decl. Exh. A.

3

and therefore GRANTS IN PART Maxim's request for attorneys' fees.

### A. Reasonableness of Rates

When determining an attorney's reasonable hourly rate, courts weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates of the relevant community. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210–11 (9th Cir. 1986), *op. am. on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is typically the forum in which the district court sits. *Camacho*, 523 F.3d at 979. To determine the prevailing market rate, courts may rely on attorney affidavits as well as "decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience." *Trujillo v. Orozco*, No. 5:17-cv-00566-EJD, 2018 WL 1142311, at *2 (N.D. Cal. Mar. 2, 2018); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, the relevant community is the Northern District of California. Maxim submitted a detailed itemization of attorneys' fees. *See generally* Isaacson Decl. Ioannou (partner with 40 years of experience) charged an hourly rate of $425, Isaacson (counsel with 8 years of experience) charged an hourly rate of $400 in his capacity as partner and an hourly rate of $350 in his capacity as of counsel. Isaacson Decl. Exh. A. Bedolla, an associate, charged an hourly rate of $300. Isaacson Decl. Exh. A. Maxim asserts that these hourly rates "are reasonable and comparable to the fees generally charged by attorneys with similar experience, ability, and reputation for work on similar matters." Isaacson Decl. ¶ 7.

The Court agrees with Maxim. In examining rates for similar work (business and commercial litigation) and experience (associates, counsels, and partners), courts in the Northern District have found rates in the same range as those charged by the attorneys here to be reasonable. *See, e.g.*, *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-cv-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found that rates of $475–$975 per hour for partners and $300–$490 per hour for associates are reasonable."); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys of $475–$975 for partners and

1  $300–$490 for associates); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010)
2  (finding no abuse of discretion in awarding fees at a 2008 hourly rates of $875 for a partner and
3  $425 for a fifth-year associate).

4    Thus, the Court finds that the attorneys' rates here fall within the range determined to be
5  reasonable given the prevailing market in the Northern District of California and the attorneys' skill
6  and experience.

### B. Reasonableness of Hours

The Court next considers the reasonableness of the hours expended. A court cannot "uncritically" accept a party's representations; rather, it must assess the reasonableness of the hours requested. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In making this determination, the Court can reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34. The moving party bears the burden of providing relevant documentation. *Id.* at 433. Upon examining the documentation, the court should then exclude from the initial lodestar calculation any hours that are not reasonably expended. *Id.* at 434.

Here, from December 18, 2019, through April 23, 2020, Maxim's counsel expended 65 hours on preparing the Motion and related submissions. *See* Isaacson Decl. Exh. A. Quantum argues the hours Isaacson and Bedolla worked are excessive and duplicative, because the work they conducted should have been "a slam dunk in response to what was an obvious error on the part of [Quantum's counsel]." Opp'n Re Fees at 4. Quantum notes that Isaacson's and Bedolla's entries show them doing the same work drafting the Motion and conducting research. *Id.* at 3-4. Quantum further takes issue with the hours spent on drafting a reply brief in response to Quantum's opposition, which Quantum characterizes as "for all intents and purposes a complete capitulation." *Id.* at 4; *see also* ECF 65. Maxim replies that "the time spent researching, drafting, and preparing for the Motion and anticipated hearing are not excessive or duplicative" because "Maxim was required to conduct proper research into the legal principles for a motion for contempt, as well as the consequences for such actions." Reply Re Fees at 2. Maxim further argues that Quantum's opposition to Motion was not a "complete capitulation" because it once again asked for leave to file

1  further briefing on the fraud claims. *Id.* at 1.

2  The Court has reviewed Maxim's billed hours working on various tasks associated with the Motion and the supporting reply brief. The 15-page Motion is thorough and clear, explicitly laying out how Quantum and HTE were in violation of the Court's Dismissal Order. *See* Motion. Maxim's subsequent 6-page Reply at ECF 66 also properly addressed the issues raised in the opposition – which sought further briefing on reasserting the fraud claim. Bedolla's 24.9 hours are reasonable under the circumstances. That said, some of Isaacson's billed hours as Of Counsel are excessive and duplicative of Bedolla's work as an associate (*e.g.*, research and drafting the Motion). Thus, the Court reduces Isaacson's billed time as of counsel to fifteen hours.

In sum, the Court finds that the work was billed at a reasonable rate given prevailing market norms in the Northern District of California. However, some of the hours spent on this case were excessive and duplicative in light of the work accomplished and the skill and expertise of the attorneys. Accordingly, the Court adjusts Isaacson's time to fifteen hours for a total of $14,072.80 in attorneys' fees. The Court notes that Maxim has not requested to be reimbursed for any costs associated with the Motion. Thus, this Court GRANTS IN PART the requested attorneys' fees.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Maxim shall recover attorneys' fees in the amount of $14,072.80.

**IT IS SO ORDERED.**

Dated: June 15, 2020

_____
BETH LABSON FREEMAN
United States District Judge

6