UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUANTUM LABS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MAXIM INTEGRATED PRODUCTS INC, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07598-BLF<br><br>**ORDER DENYING LEAVE TO AMEND COMPLAINT**<br><br>[Re: ECF 86] |

Plaintiff Quantum Labs, Inc. ("Quantum") moves for leave to file a third amended complaint—which would be its fifth pleading— to join as plaintiff HTE Labs, Inc. ("HTE Labs"), a subsidiary of Hyperion Group, Inc., and to assert claims for negligence and negligence per se, trespass, and breach of contact. ECF 86. Because Quantum has failed to show good cause, the Court DENIES its motion for leave to amend.

**I.     BACKGROUND**

On December 19, 2018, Quantum filed a complaint with eleven causes of action including negligence and negligence per se, trespass, and breach of contract. ECF 1. On April 17, 2109, the Court issued a scheduling order setting June 17, 2019 as the last day to amend the pleadings or add parties. ECF 34. The next week, the Court granted Defendant Maxim Integrated Products, Inc.'s ("Maxim") motion to dismiss with leave to amend in part. ECF 35.

On May 1, 2019, Quantum filed a first amended complaint ("FAC"), which included claims of negligence and negligence per se by Quantum and by newly-named Plaintiff and Quantum owner Simon Planck, trespass by Planck, and breach of contract by Quantum. ECF 36.

1

On November 18, 2019, the Court granted in part and denied in part Maxim's motion to dismiss. ECF 55. The Court did not dismiss the negligence and negligence per se, trespass, and contract claims as they were not raised in Maxim's motion. *See id*. at 4.

On December 18, 2019, Quantum filed a second amended complaint ("SAC"). ECF 56. This SAC came six months after the Court's pleading and party amendment deadline. Nonetheless, the complaint included a new plaintiff, HTE Labs. ECF 56 at 1. In the SAC, Quantum and HTE Labs asserted seven causes of action: (1) violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B) by Quantum against Maxim, (2) fraud by HTE Labs against Maxim, (3) negligence and negligence per se by Quantum and HTE Labs against Maxim, (4) continuing private nuisance by Quantum against Maxim, (5) waste by Quantum against Maxim, (6) trespass by Quantum against Maxim, and (7) breach of contract by HTE Labs against Maxim.

On January 2, 2020, Maxim filed a motion to dismiss or strike the SAC due to Quantum's contempt of this Court's previous order to dismiss and noncompliance with the scheduling order. ECF 61. Relevant here, Maxim argued that HTE Labs was added as a new plaintiff without leave of this Court. ECF 61 at 12-14. On April 20, 2020, the Court granted Maxim's motion to strike and found Quantum in contempt. ECF 73. The Court explicitly outlined each of the claims it struck, to include all claims forwarded by HTE Labs. *Id*. at 7. The Court explained that Quantum failed to "address why Quantum was diligent in its efforts to add HTE [Labs] as a Plaintiff" and that nothing in Quantum's arguments "establishes good cause" to modify the scheduling order to add new parties. *Id*. at 4. With respect to the stricken contract claim, the Court emphasized that "[t]o be clear, by the effect of striking HTE [Labs] as a plaintiff from the SAC, the breach of contract claim is now stricken. Thus, Quantum may not add the breach of contract claim to the corrected SAC without leave of the Court (and showing of good cause)." *Id*. at 7.

2

On April 24, 2020, Quantum filed a corrected SAC. ECF 74. This complaint included two causes of action, both by Quantum: violations of the RCRA and continuing private nuisance. ECF 74. By this motion, Quantum tries for the fifth time to state its claims against Maxim.

## II.   LEGAL STANDARD

The motion is governed by Rule 16 because the Court issued a scheduling order in April 2019. ECF 34. Pursuant to Rule 16, a party seeking leave to amend must show "good cause." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

If a party shows compliance with Rule 16, the Court then must consider the permissibility of amendment under Rule 15. *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001) (noting that the Ninth Circuit permits amendment under Rule 15 with "extreme liberality"). A district court may consider four factors when determining whether to grant leave to amend under Rule 15:(1) bad faith on behalf of the moving party, (2) whether amendment would cause undue delay, (3) prejudice to the opposing party, and (4) futility. *Id., see also Bowles v. Reade,* 198 F.3d 752, 758–59 (9th Cir.1999) (noting that undue delay on its own does not justify denying leave to amend under Rule 15). Rule 15(d) permits a party to supplement its complaint in order to include "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.,* 668 F.2d 1014, 1057 (9th Cir.1982) ("The purpose of Rule 15(d) is

3

to promote as complete an adjudication of the dispute between the parties as possible.").

## III. DISCUSSION

Quantum has not shown good cause for leave to amend the pleadings to add HTE Labs as a party or to assert additional claims. Quantum does not demonstrate that it diligently attempted to meet the scheduling order, nor does it identify new facts or developments in the law that would otherwise excuse non-compliance with the scheduling order. Instead, Quantum relies on broad excuses that do not clarify how Quantum was diligent in seeking to make the specific claims at issue here. For example, Quantum cites COVID to explain its delay. *See* ECF 86 at 1-2. The Court rejects this excuse—the deadline to amend the pleadings was in June 2019, well before the pandemic began. Elsewhere, Quantum explains that it has been generally diligent during this litigation, such as by coordinating site inspections and scheduling mediation dates. *See, e.g.*, ECF 86 at 7 ("While the second amended complaint was filed on December 18, 2019, plaintiff did not remain idle. In fact, plaintiff expended significant effort in addressing the most important aspect of the case, legally and ethically – the removal of the contaminant off site."). This explanation is devoid of reference to the added party and claims at issue in this motion.

Because Quantum does not explain its diligence in its efforts to add HTE Labs as a plaintiff, the Court DENIES its motion in this respect. The law here is abundantly clear and the Court previously put Quantum on notice of this deficiency. ECF 73 at 4; *see also* ECF 86 at 8 (acknowledging HTE Labs' involvement in this case was known "from the start").

Quantum's request to add claims fares no better. As Maxim correctly notes, ECF 87 at 11, every claim Quantum seeks to add was contained in both the original complaint and FAC. Rule 16(b)'s "good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737

(9th Cir. 2013) (internal marks omitted), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

A detailed parsing of Quantum's proposed third amended complaint ("TAC") underscores this conclusion. ECF 87, Exh. A. The TAC includes claims for: (1) violation of the RCRA by Quantum against Maxim, (2) negligence and negligence per se by Quantum and HTE Labs against Maxim, (3) continuing private nuisance by Quantum against Maxim, (4) trespass by Quantum against Maxim, and (5) breach of contract by Quantum and HTE Labs against Maxim. *Id*. Claims 1 and 3 were pled in the corrected SAC and are not relevant here. Claim 2, the negligence and negligence per se claim by Quantum and HTE Labs, was in the SAC. The claim by Quantum was not struck by the Court—only the claim by HTE Labs was. The Court surmises that, in response to the order to strike, Quantum "over-struck" its negligence claim. The trespass claim by Quantum was also in the SAC. The Court did not strike this claim, but Quantum nonetheless removed it from the corrected SAC. Finally, a breach of contract claim by Quantum was not within the SAC. The claim was, however, in the FAC. For reasons the Court does not attempt to divine, Quantum chose to swap in—as oppose to add—HTE Labs as the breach of contract claim plaintiff in the SAC.

The Court DENIES the motion with respect to the breach of contract claim by Quantum. Even a cursory review of the contract at issue clearly shows that HTE Labs, not Quantum, was the signatory to the contract. *See* ECF 18, Exh. B. And even if Quantum was the appropriate party to bring this claim, as Quantum argues in this motion, *see* ECF 86 at 9-10; ECF 89 at 2, there is no showing of good cause to add the claim to a proposed TAC. Quantum chose to allege a breach of contract claim in the complaint and the FAC and to omit such a claim in the SAC. Quantum does not explain why, in light of this procedural history, it should be allowed to re-plead this claim now.

5

The remaining claims by Quantum—negligence and negligence per se and trespass—present a slightly closer case. Both these claims were in the SAC and were not struck by the Court. Quantum asserts that they were "inadvertently" left out of the corrected SAC. ECF 86 at 6. Nonetheless, it was careless for Quantum to omit these claims in the corrected SAC as the Court was abundantly clear which claims it struck. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *see also State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, 2017 WL 5197609, at *4 (W.D. Mich. 2017) ("The general rule is that '[a]ttorney neglect or inadvertence will not constitute good cause supporting modification.'" (quoting Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac. & Proc. § 1522.2 (3d ed. 1998))); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701–02 (E.D. Pa. 2007) ("Carelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b)."). The Court also notes that although Quantum's new counsel argues the omissions in the corrected SAC were caused by a drafting error, the declaration of David Isola, Quantum's prior counsel who filed the SAC, offers nothing to support this allegation. *See* ECF 86-1. Simon Planck's declaration is similarly unhelpful to the resolution of this motion, as he fails to shed light on Quantum's good cause and incorrectly states that he is a party to this action. *See* ECF 86-2. Indeed, Planck has not been a party since the FAC. *Compare* ECF 36 *with* ECF 56. And, even if the Court were sympathetic to this supposed drafting error, it was similarly careless for Quantum to have waited over 6 months to rectify it. *Id*. at 610 (district court did not abuse its discretion where it denied plaintiff's motion to amend "four months after the cut-off date for amendment had expired.").

Finally, Quantum argues that its counsel omitted these claims from the corrected SAC without permission from Quantum itself. ECF 89 at 4. The Court declines to consider this argument as it was raised for the first time in the reply brief. *See Zamani v. Carnes*, 491 F.3d 990,

997 (9th Cir. 2007). If Quantum has a complaint against its former attorney, that matter must be resolved through a malpractice claim in state court. The Court DENIES the motion with respect to the negligence and negligence per se and trespass claims by Quantum.

At the end of the day, the only reasonable conclusion the Court can reach to explain Quantum and HTE Labs' nearly two year effort to select the proper entities to be named plaintiffs and to select the claims they want to assert against Maxim is an utter failure to abide by counsel's Rule 11 obligations to properly investigate the status of their own claims asserted against Maxim. In this case, the missing pieces were all within Plaintiffs' control and knowledge, such as who were the signatories to the contract which they claim Maxim breached, or what legal theories would be viable on the known circumstances that formed the basis of the initial complaint. On this basis, the amended pleading cannot be allowed.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Quantum's motion for leave to amend is DENIED.

Dated: November 30, 2020

_____
BETH LABSON FREEMAN
United States District Judge